# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00079-CR

**Shannon Andre Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 75060, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the trial court denied his motion to suppress evidence, a jury found appellant Shannon Andre Smith guilty of unlawful possession of a firearm by a felon, a third-degree felony enhanced with prior felony convictions. *See* Tex. Penal Code §§ 46.04(a), 12.42(d). The trial court assessed punishment at 25 years' imprisonment. In his first appellate issue, Smith contends that the evidence is insufficient to support his conviction. In his second appellate issue, Smith contends that the warrantless search of his vehicle violated the Fourth Amendment. We will affirm the trial court's judgment of conviction.

## BACKGROUND

In his motion to suppress, Smith asked the trial court to suppress evidence obtained in connection with a traffic stop. At the hearing on the motion to suppress, the State called Officer Micah Goodrich of the Killeen Police Department. Officer Goodrich testified to the following facts:

Officer Goodrich observed Smith's vehicle exceeding the speed limit and changing lanes without signaling. Officer Goodrich activated his overhead lights, and Smith pulled over. When Officer Goodrich approached Smith's vehicle, he smelled a strong odor of marihuana. Officer Goodrich had Smith, who was the vehicle's sole occupant, step out of the vehicle. Officer Goodrich determined that the vehicle was registered to Smith and that Smith had insurance on the vehicle. After another officer arrived, Officer Goodrich searched Smith's vehicle. He observed that the center console with cup holders was loose. Officer Goodrich removed the top of the console, and inside he found fourteen small bags of marihuana and an additional white bag containing marihuana. He also found a pistol, a digital scale, and a large amount of cash in the console. Officer Goodrich then searched Smith and found a small bag of marihuana in his sock. After the hearing, the trial court denied Smith's motion to suppress.

At trial, Officer Goodrich and other officers testified to these same events. Smith continued to object to the admission of the evidence that resulted from the search of his vehicle, and the trial court overruled his objections. He was convicted and sentenced, and this appeal followed.

## DISCUSSION

### Sufficiency of the Evidence

In his first issue, Smith contends that the evidence is insufficient to support his conviction because the State failed to prove that he intentionally or knowingly possessed a firearm.

In evaluating the sufficiency of the evidence supporting a jury's verdict, we view the evidence in the light most favorable to the verdict and ask whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Montgomery v. State*,

2

369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (quoting *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010)). We are instructed only to "ensure that the evidence presented supports the jury's verdict and that the state has presented a legally sufficient case of the offense charged." *Id.* "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses," and if "the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Here, Smith does not dispute the fact that police found a pistol in the center console of his vehicle. Instead, Smith challenges the sufficiency of the evidence supporting the jury's finding that he intentionally or knowingly possessed the firearm. The Texas Penal Code defines "possession" as "actual care, custody, control, or management." Tex. Penal Code § 1.07(a)(39). Therefore, the State was required to prove beyond a reasonable doubt that Smith had actual care, custody, control, or management of the pistol. In other words, the State was required to establish an affirmative link between Smith and the pistol. *See Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016).

In determining whether an affirmative link connects the defendant with contraband, court have looked to factors including the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband;

3

(10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See id.* at 414 (citing *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006)). However, this list is non-exclusive, and the ultimate question is, "Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *See id.*

The State presented evidence of the following facts that tend to connect Smith to the firearm:

- Smith owned the vehicle in which the pistol was found.

- Smith was the only person in the vehicle when he was stopped.

- The center console, which was next to Smith's seat, was visibly loose or altered.

- There was a strong odor of marihuana in the vehicle.

- The bag of marihuana found in Smith's sock was identical to the bags of marihuana found in the center console with the pistol.

- An officer testified that it would not "be typical to leave a valuable quantity of marijuana in someone else's vehicle without informing them" and that it would not be "probable that someone is going to leave $500 worth of product and a firearm unprotected and unbeknownst to somebody operating and owning that vehicle."

Viewing this evidence in the light most favorable to the verdict, we conclude that sufficient evidence supports the jury's finding that Smith intentionally or knowingly possessed a firearm. Accordingly, we overrule Smith's first issue.

4

**Motion to Suppress**

In his second issue, Smith contends that the trial court abused its discretion in denying his motion to suppress.

We review a trial court's ruling on a motion to suppress for an abuse of discretion using a bifurcated standard. *Goodwin v. State*, 376 S.W.3d 259, 266 (Tex. App.—Austin 2012, pet. ref'd). In doing so, we view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). In a suppression hearing, the trial court is "is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007) (internal quotation marks omitted). We also give almost total deference to rulings on application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an assessment of credibility and demeanor of witnesses. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). We review de novo pure questions of law and mixed questions of law and fact that do not depend on evaluating credibility and demeanor. *Fienen v. State*, 390 S.W.3d 328, 335 (Tex. Crim. App. 2012); *see Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010) ("[W]e review a trial court's application of the law of search and seizure to the facts *de novo*.").

On appeal, Smith does not challenge the legality of the initial traffic stop. Instead, he argues that the warrantless search of his vehicle violated his Fourth Amendment rights. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "The touchstone of the Fourth Amendment is reasonableness." *State v. Villarreal*, 475 S.W.3d 784, 795 (Tex. Crim. App. 2014) (citing *Riley v. California*, 134 S. Ct. 2473, 2482

5

(2014)).  The Supreme Court has held that a search is reasonable only if it is conducted pursuant to a warrant or if it falls within a recognized exception to the warrant requirement.  *See Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013); *Roop v. State*, 484 S.W.3d 594, 598 (Tex. App.—Austin 2016, pet. ref'd).  "[T]here is an exception for vehicles—a warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle contains contraband."  *Wiede*, 214 S.W.3d at 24.

Here, Officer Goodrich testified that he smelled a strong odor that his training and experience allowed him to recognize as marihuana.  Texas courts have held that the odor of contraband in a vehicle constitutes probable cause for a warrantless search of the vehicle.  *See Moulden v. State*, 576 S.W.2d 817, 820 (Tex. Crim. App. [Panel Op.] 1978) ("We therefore conclude, on the basis of the foregoing authority and past decisions of this Court, that the police officers in the instant case had probable cause to search the vehicle and the overnight bag situated in front of the appellant on the floorboard after detecting the odor of burnt marihuana."); *see also Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006) ("[I]f Officer Obie makes a traffic stop and, when the driver rolls down his window, the redolent odor of burnt marihuana wafts out, he may well have probable cause to believe that the person (or persons) inside that small, enclosed area has been or is committing the offense of possession of marihuana."); *Zavala v. State*, No. 05-16-00227-CR, 2017 WL 2180700, at *3 (Tex. App.—Dallas May 18, 2017, no pet. h) (mem. op., not designated for publication) ("Texas courts have consistently concluded the odor of marijuana alone is sufficient to constitute probable cause to search a defendant's person, vehicle, or objects within the vehicle."); *Jordan v. State*, 394 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (collecting cases and stating, "This Court has, in fact, held that the

odor of [marihuana] alone is sufficient to constitute probable cause to search a defendant's person, vehicle, or objects within the vehicle.") (internal quotation marks omitted); *Ex parte Luciw*, No. 03-08-00445-CR, 2009 WL 5150018, at *6 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op., not designated for publication) ("Claypool states that he smelled the odor of burnt marijuana after stopping the car, providing probable cause to search the vehicle."); *Churchill v. State*, No. 03-03-00746-CR, 2006 WL 305022, at *3 (Tex. App.—Austin Feb. 9, 2006, pet. ref'd) (mem. op., not designated for publication) ("Under the totality of the circumstances, we find that the smell of fresh burnt marihuana emanating from the inside of a vehicle of which Churchill was the sole occupant provided Officer Hernandez, an officer trained in the detection of marihuana, with probable cause to search both Churchill and his vehicle."). Therefore, we conclude that Officer Goodrich had probable cause to search Smith's vehicle and that the trial court did not abuse its discretion in denying Smith's motion to suppress. Accordingly, we overrule Smith's second issue.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Justices Puryear, Field, and Bourland

Affirmed

Filed: August 3, 2017

Do Not Publish

7